IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NAY'LOR SCOTT,
Inmate No. P12264,
    Plaintiff,

vs.                                         Case No.: 3:16cv118/MCR/EMT

CAPTAIN CANNON,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 6).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

An inmate at Santa Rosa Correctional Institution ("SRCI") at the times relevant to the complaint, Plaintiff alleges that on January 18, 2016, he was not allowed to have his shower, haircut, and shave because an Officer Peacock "lied" by stating that Plaintiff had refused them (ECF No. 1 at 5). Plaintiff then declared a psychological emergency and stated he would harm himself unless he was seen by the shift supervisor (*id.*). Plaintiff was seen at his cell by the Defendant in this case, Captain Cannon, who instead of talking with Plaintiff ordered other officers to cut off Plaintiff's uniform and put him into another cell (*id.* at 5–6). Plaintiff stated that if he was so removed he was going to bang his head against the sink in his cell and try to kill himself (*id.* at 6). Plaintiff was nevertheless placed into the other cell. When the officers walked away he banged head on the sink in the cell, which caused his head to start bleeding, and he called for staff (*id.*). After an officer arrived at the cell and noticed Plaintiff's behavior, Captain Cannon returned and ordered officers to spray Plaintiff with a chemical agent (*id.*). Plaintiff was thereafter taken to the showers to rinse off the chemical agent, and then was seen by a nurse who Plaintiff states provided no ointment or other treatment (*id.*).

Plaintiff claims that because of his actions during these events, Defendant Cannon violated Plaintiff's rights under the Eighth Amendment for his failure to adequately protect him from harming himself. As relief, he seeks monetary damages.

In order to state a claim for a violation of his right to be free from cruel and unusual punishment, "there must be at least some allegation of a conscious or callous indifference to a prisoner's rights, thus raising the tort to constitutional stature." Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (quoting Wright v. El Paso County Jail, 642 F.2d 134, 136 (5th Cir. 1981)). "An official's deliberate indifference to a known danger violates an inmate's Eighth Amendment rights." McCoy v. Webster, 47 F.3d 404, 407 (11th Cir. 1995).

Prisoners have the right "to psychiatric and mental health care, and a right to be protected from self-inflicted injuries . . . ." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1115 (11th Cir. 2005) (quoting Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994)). To establish liability under section 1983, the prisoner must show that the jail official displayed "deliberate indifference" to the prisoner's attempting to do serious harm to himself. *See* Cook, 402 F.3d at 1115. "[D]eliberate indifference requires that the defendant prison official deliberately disregard 'a strong likelihood rather than a mere possibility that the

self-infliction of harm will occur.'" Id. Further, "the mere opportunity for suicide, without more, is clearly insufficient to impose liability on those charged with the care of prisoners." Tittle v. Jefferson Cnty. Comm'n, 10 F.3d 1535, 1540 (11th Cir. 1994). "To be deliberately indifferent to a strong likelihood that the prisoner will commit suicide, the official must be subjectively aware that the *combination* of the prisoner's suicidal tendencies and the feasibility of suicide in the context of the prisoner's surroundings creates a strong likelihood that the prisoner will commit suicide." Gish v. Thomas, 516 F.3d 952, 954–55 (11th Cir. 2008).

The facts related by Plaintiff clearly fail to show that Defendant's actions constituted deliberate indifference. While Plaintiff may complain of the way in which the prison staff responded to his announced plans to do harm to himself, it is clear that they responded, first by transferring him to another cell, and then by using chemical agents upon him in order to prevent him from further injuring himself. It is therefore evident that the prison staff, and Defendant Cannon personally, responded reasonably to the risk. Other than the fact that he caused himself to bleed, Plaintiff alleges no lasting injury, and the fact that Plaintiff alleges no further attempts to harm himself suggests that Defendant's measures were actually successful in curtailing Plaintiff's abusive behavior. Indeed, Plaintiff's allegations are more directed at the manner in


which Defendant intervened, not at whether he intervened at all or ignored his needs with indifference.[1]

Finally, the court is be mindful of the well-worn caution enunciated by the Supreme Court that federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 1807, 40 L. Ed. 2d 224 (1974), *overruled on other grounds,* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459(1989); Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir. 1982). Here, Defendant acted upon Plaintiff's stated intentions to harm himself, interrupting his abusive conduct and curtailing further injury.

Accordingly, it respectfully **RECOMMENDED**:

---

[1] It should be noted that Plaintiff does not claim cruel and unusual punishment over the fact that Defendant authorized excessive force via the use of chemical agents upon him. Such a claim would nevertheless fail because the use of chemical agents in order to enforce compliance with institutional rules does not violate the Eighth Amendment. Ort v. White, 813 F.2d 318, 324–25 (11th Cir. 1987). Prison guards may use physical force in order to restore order in the prison environment and quell disturbances before they escalate. Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990). Officials may also take action when in their professional judgment the safety of the guards or inmates is placed in jeopardy. Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999). Under circumstances described by Plaintiff, where he appeared to be harming himself, the use of chemical agents was a legitimate method to help subdue him and prevent further harm. Ort, 813 F.2d at 324–25.

1. That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Pensacola, Florida, this 9th day of May 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**